# CASES

## ARGUED AND DETERMINED

IN THE

## CIRCUIT COURTS OF APPEALS AND DISTRICT COURTS OF THE UNITED STATES, AND COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### THE DOLPHIN.[*]

### ROSS TOWBOAT CO. v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. January 6, 1925.)

No. 1697.

Customs duties ⚖️130—Tug towing barge, unladen, without permit from customs collector or naval officer, held not subject to forfeiture; "tackle, apparel, and furniture."

Tug, which towed barge containing intoxicating liquor, unladen, without permit of customs collector or of naval officer, in violation of Rev. St. §§ 2872, 2874 (Comp. St. §§ 5563, 5565), was not subject to seizure or forfeiture, in view of section 2873 (Comp. St. § 5564), either on theory that barge and tug constituted one vessel, or that tug was part of "tackle, apparel, and furniture" of barge.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ships' Tackle, Apparel, and Furniture.]

Appeal from the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Libel by the United States against the ocean tug Dolphin, claimed by the Ross Towboat Company. Decree for libelant, and claimant appeals. Reversed and remanded, with directions.

Albert T. Gould, of Boston, Mass. (Charles S. Bolster and Blodgett, Jones, Burnham & Bingham, all of Boston, Mass., on the brief), for appellant.

Laurence Curtis, 2d, of Boston, Mass. (Robert O. Harris, of Boston, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from a decree of the District Court,

3 F.(2d)—1

in admiralty, declaring the forfeiture of the tug Dolphin under the provisions of section 2874, R. S. (Comp. St. § 5565).

The parties have stipulated that the statement of facts contained in the opinion of the court may be taken as proved. It is as follows:

"The steamship Korona, bound for the United States, took on board at the island of Bermuda, a foreign port, a quantity of liquor, and proceeded to a point off the coast of Rhode Island, within four leagues of the coast, where she was met by the barge William J. Lermond, which was towed by the tug Dolphin; that the liquor was there transshipped to the barge which was towed by the tug to a pier at Newton Creek, Brooklyn, N. Y., where the cases and barrels containing the whisky were unladen from the barge and brought on shore, without any permit from any collector of customs or any naval officer for said unloading, as required by section 2872 of the Revised Statutes (Comp. St. § 5563); that it was unladen before the Korona had come to a proper place for the discharge of her cargo or had been authorized to unload; that the master of the steamship Korona, of the barge, and of the tug Dolphin were all privy and consenting to all the facts alleged; that the value of said merchandise was, according to the highest market price at the port where landed, in excess of $400."

R. S. § 2872, provides in substance that, except as authorized under conditions not here material, no merchandise brought in any vessel from a foreign port shall be unladen or delivered from such vessel within the United States, except between the rising and the setting of the sun, unless special license has been granted, nor at any

*For opinion below, see 285 F. 881.

time without a permit from the collector and naval officer, if any, for such unloading or delivery.

Section 2874 R. S. (Comp. St. § 5565), is as follows:

"Sec. 2874. All merchandise, so unladen or delivered contrary to the provisions of section 2872, shall become forfeited, and may be seized by any of the officers of the customs; and where the value thereof, according to the highest market price of the same, at the port or district where landed, shall amount to $400, the vessel, tackle, apparel, and furniture shall be subject to like forfeiture and seizure."

No part of the cargo of liquors was unloaded from the tug, but the District Court held that section 2874 should be construed so as to include the tug as one of the instruments used in the violation of the statute; that, with the barge, it constituted one vessel. In its opinion the court said that, if the statute were construed strictly and confined solely to the vessel from which the merchandise was unladen, "there was not such an identity between the tug and the barge as would justify the court in holding that the tug was the vessel from which the merchandise was unladen."

In United States v. Stowell, 133 U. S. 1, 12, 10 S. Ct. 244, 245 (33 L. Ed. 555), the court said:

"By the now settled doctrine of this court (notwithstanding the opposing dictum of Mr. Justice McLean in United States v. Sugar, 7 Pet. 453, 462, 463) statutes to prevent frauds upon the revenue are considered as enacted for the public good and to suppress a public wrong, and therefore, although they impose penalties or forfeitures, not to be construed, like penal laws generally, strictly in favor of the defendant; but they are to be fairly and reasonably construed, so as to carry out the intention of the Legislature. Taylor v. United States, 3 How. 197, 210; Cliquot's Champagne, 3 Wall. 114, 145; United States v. Hodson, 10 Wall. 395, 406; Smythe v. Fiske, 23 Wall. 374, 380."

Applying the law of construction stated in this case, we find nowhere in the Revenue Acts any intention of Congress that any vessel other than the vessel from which the goods are unladen shall be forfeited under section 2874. In that section it is the vessel from which the goods are unladen which may be seized and declared forfeited.

By section 2872 it is made unlawful to unload or deliver any merchandise brought in any vessel from a foreign port contrary to the provisions of the act; and the section provides that the merchandise here referred to, which may be seized and subjected to forfeiture, must be unladen or delivered *from such vessel.*

By section 2874, where the value of the merchandise shall amount to $400 at the port or district where landed, the vessel, tackle, apparel, and furniture are made subject to like forfeiture.

Under section 2873 (Comp. St. § 5564), one who was knowingly concerned and aided in removing, storing or otherwise securing such merchandise is made liable to a penalty of $400, and to be disabled for holding any office of trust or profit under the United States for a term not exceeding seven years. It will be noted that this section makes it an offense to be concerned in removing, storing, or otherwise securing, thus making it manifest that these acts, and not the act of aiding in the transportation of such merchandise, constitute the crime which may be punished.

It is contended that the words "tackle, apparel, and furniture" may include the tugboat. The tackle referred to is evidently that of the vessel, and by no construction can it be held that the tugboat is any part of such tackle. There is no merit in this contention.

It is claimed that the tug and its tow constitute one vessel, and cases are cited in which a tug and tow have been in collision with other vessels through the alleged negligence of the tug in performing a towage service; but these cannot be relied upon to govern in this case.

The court cannot read into the statute what is not there by reasonable and fair inference. The customs laws, under which this forfeiture was decreed, were enacted to prevent smuggling. If, under recent legislation, it has become necessary to extend the provisions of these statutes, it should be done by Congress, and not by the courts. If the construction placed upon the statute by the District Court in this case can be sustained, a harbor tug which has docked a vessel from which merchandise brought from a foreign port has been unladen in violation of the statute would be liable to forfeiture.

The decree of the District Court is reversed, and the case is remanded to that court, with directions to dismiss the libel.