UNITED STATES of America, Plaintiff,

v.

ONE CUSTOM SPORT FISHERMAN VESSEL NAMED THE "CROSS-WINDS," OFFICIAL NO. US/509278, together with its tackle, apparel and equipment, and miscellaneous firearms, Defendant.

Civ. A. No. 81–1143–N.

United States District Court, E. D. Virginia, Norfolk Division.

June 28, 1982.

James A. Metcalfe, Asst. U. S. Atty., Norfolk, Va., Douglas M. Browning, Asst. Regional Counsel, U. S. Customs Service, Baltimore, Md., for plaintiff.

J. Wayne Sprinkle, Portsmouth, Va., for Kevin Edward Fister.

OPINION AND ORDER

CLARKE, District Judge.

This matter comes before the Court on the motion of the plaintiff, the United

States of America, for summary judgment. The Court has received a response to plaintiff's motion and the matter is now ripe for decision.

## I.

The following facts are not in dispute. On or about October 6, 1981, U. S. Customs Patrol Officers conducted a border search of the vessel CROSSWINDS. During the search, customs officers discovered approximately 887 pounds of hashish. Consequently, the vessel was seized and its five crew members arrested.

On December 1, 1981, the United States of America filed a complaint for forfeiture of the CROSSWINDS, together with its tackle, apparel and equipment pursuant to 19 U.S.C. § 1595a, 21 U.S.C. § 881 and 49 U.S.C. § 782. Mr. Fister filed an answer and claim to the forfeiture petition stating that he owns various items of property seized from the CROSSWINDS and that such items are not contraband, nor evidence of any criminal offense, and are not tackle, apparel or equipment belonging to the CROSSWINDS. Accordingly, Mr. Fister requests the Court to allow his claim to the following items of property:

> Various and all power tools
> One large red tool box
> One small gray tool box
> One 12 volt battery charger
> One 32 volt battery charger
> Two large hunting knives
>    Buck and Hunter
> Two pairs of binoculars
>    (1) German Steiner
>    (2) American Swift
> Two diving regulators
> Two diving masks
> One set of diving fins
> One Shortic wet suit
> Three sets of foul weather gear
> One portable FM stereo
> Two Igloo ice chests
> One pair of Rayband sunglasses
> One blue leather Bummer jacket
> One leather money belt
> One Homelite generator

> One small leather attache case
> Personal fishing tackle: 5 reels and 5 rods
> Sixteen life preservers
> Miscellaneous kitchen utensils
> One tan ultra suede jacket
> One green sleeping bag
> One spear gun
> One ten-power scope target (Lyman)
> One box of jewelry with these contents: 2 gold tie tacks, high school ring, bracelet, gold wedding band, chains.
> One duffel bag

The Government concedes that certain items are not "tackle, apparel, furniture, harness, or equipment" under 19 U.S.C. § 1595a(a). The Government, therefore, consents to the release of the following items and they are not in dispute:

> One pair of Rayband sunglasses
> One blue leather Bummer jacket
> One leather money belt
> One tan ultra suede jacket
> One box of jewelry

The Government has moved for summary judgment as to the remaining items on the grounds that they are clearly subject to forfeiture under 19 U.S.C. § 1595a(a). Claimant Fister argues that section 1595a(a) does not encompass the remaining items and agrees that the matter is a question of law that can be resolved by the Court in the present motion.

## II.

Section 1595a(a) provides that:

[E]very vessel, vehicle, animal, aircraft, or other thing used in, to aid in, or to facilitate, by obtaining information or in any other way, the importation, bringing in, unlading, landing, removal, concealing, harboring, or subsequent transportation of any article which is being or has been introduced, or attempted to be introduced, into the United States contrary to law, whether upon such vessel, vehicle, animal, aircraft, or other thing or otherwise, shall be seized and forfeited together with its tackle, apparel, furniture, harness, or equipment.

The Government contends that the case law which defines "equipment" of a vessel for customs purposes and in United States Treasury Decisions is also applicable to the present action. The Treasury Department has defined equipment as:

> portable articles necessary or appropriate for the navigation, operation, or maintenance of a vessel, but not permanently incorporated in or permanently attached to its hull or propelling machinery and not constituting consumable supplies. The term includes, therefore, anchors, chains, tackle, boats, repair parts, life-saving apparatus, nautical instruments, signal lights, lamps, furniture, carpets, table linen, table ware, bedding, arms and munitions.

26 Treas. Dec. 34150, at 184 (1914).

In *Otte v. United States*, 7 Ct.Cust.App. 166, 167–69 (1916), the customs court relied upon an opinion from the Board of Naval Construction which defined equipment as follows:

> Equipment, used in a general sense, may be defined as any portable thing that is used for, or provided in, preparing a vessel whose hull is already finished for service. It is the furniture of whatsoever nature which is put into a finished ship in equipping her. The Queen's Regulations and Admiralty Instructions give the following definition: "Equipment, in relation to a ship, includes the furnishing a ship with any tackle, apparel, furniture, provisions, arms, munitions, or stores, or any other thing that is used in or about a ship for the purpose of fitting or adapting her for naval service."

The Government argues that the disputed items are subject to forfeiture for the reasons stated below. The power tools and tool boxes are equipment of the vessel because they are necessary for the maintenance and repair of the vessel. The Homelite generator and the two battery chargers are equipment necessary for the operation and maintenance of the vessel and its battery operated equipment and components. The diving equipment, as well as the foul weather gear, are equipment necessary for operation of the vessel in foul weather, or are necessary or appropriate for making under water maintenance repairs. The binoculars are equipment because they are appropriate and necessary for the sighting of distant nautical markers or buoys, and the fishing gear, hunting knives, spear gun, and life preservers are clearly equipment under the court decisions.

The Government contends that the miscellaneous kitchen utensils, the sleeping bag, and the duffel bag are equipment because they constitute tableware, bedding and storage equipment. The FM stereo constitutes furniture of the vessel, and is also appropriate for navigational and operational purposes because the radio component can be used to receive weather forecasts. The Government also contends that because the ten power scope target constitutes a component of a firearm used in the smuggling activities of the vessel, it should also be deemed equipment of the vessel and therefore subject to forfeiture.

The claimant argues in opposition to the Government's motion that the definition of "tackle, apparel, furniture, harness and equipment" should be given its plain meaning under the law and not extended. The claimant relies on *The Dolphin*, 3 F.2d 1, 2 (1st Cir. 1925), in support of his position. The Court finds, however, that *The Dolphin* is factually dissimilar to the present action and lends no support to Mr. Fister's claim to the disputed items.

The Court agrees with the Government's analysis as to the law applicable in the present action. The Court also agrees with the Government's position that the disputed items are subject to forfeiture under 19 U.S.C. § 1595a(a), with the exception of the duffel bag. The Court notes that the Government has failed to offer any argument to support a forfeiture of the small leather attache case.

Accordingly, the Court finds that the disputed items are subject to forfeiture under 19 U.S.C. § 1595a(a) with the exception of the duffel bag and the small leather attache case. Since there remain no material issues of fact in dispute, the Court GRANTS the

Government's Motion for Summary Judgment and DISMISSES the action.